IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAHMOUD AGUIBI,** | : | CIVIL ACTION NO. 1:22-CV-260 |
| Petitioner | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **WARDEN THOMPSON,** | : | |
| | : | |
| Respondent | : | |

### MEMORANDUM

This is a habeas corpus case under 28 U.S.C. § 2241 in which petitioner Mahmoud Aguibi, who is currently incarcerated in the Allenwood Federal Correctional Institution ("FCI-Allenwood") challenges a disciplinary sanction imposed by the prison. We will dismiss the petition for lack of jurisdiction because the disciplinary sanction did not result in the loss of good conduct time.

**I.       Factual Background & Procedural History**

Aguibi initiated this case through the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241 on February 15, 2022, which the court received and docketed on February 22, 2022. (Doc. 1). Aguibi alleges that during his incarceration he was charged with and convicted of a disciplinary sanction for being absent from a work assignment. (Doc. 1-1 at 2). He was sanctioned with a loss of commissary privileges for 180 days and the loss of his prison job for one year. (Id. at 3-4). He seeks habeas corpus relief that would order the BOP to expunge the incident report that gave rise to the disciplinary sanction and restore him to the custody classification that he had prior to the disciplinary sanction. (Doc. 1 at 8).

II. **Legal Standard**

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254 Rule 1.

III. **Discussion**

Dismissal of this case under Rule 4 is appropriate because Aguibi does not allege that the prison disciplinary sanction resulted in the loss of good conduct time. Prison disciplinary sanctions that do not result in the loss of good conduct time may not be challenged through habeas corpus petitions. See, e.g., Wert v. Warden Allenwood USP, 781 F. App'x 51, 54 (3d Cir. 2019);[1] accord Hall v. Warden Canaan USP, 858 F. App'x 37, 38-39 (3d Cir. 2021); Parks v. Jordan, 573 F. App'x 233, 235-36 (3d Cir. 2014); see also Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012) (holding that petitioner could not challenge his placement in prison's special management unit through a habeas corpus petition because the placement did not result in the loss of good conduct time and "[e]ven if Cardona's placement in the SMU makes him eligible to lose good time credits, he might not end up losing any").

---

[1] The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

## IV. Conclusion

We will dismiss the petition (Doc. 1) for writ of habeas corpus without prejudice for lack of jurisdiction. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   March 30, 2022